## 70993. SPICER v. MARTIN-BROWER COMPANY.
### (338 SE2d 773)

SOGNIER, Judge.

Christopher Spicer brought suit against The Martin-Brower Company alleging that he had been discharged by the company because of his handicap, diabetes mellitus, in violation of the Georgia Equal Employment for the Handicapped Code, OCGA § 34-6A-1 et seq. The trial court granted Martin-Brower's motion for summary judgment and Spicer appeals.

Appellant was working as a warehouseman at appellee's facility when he suffered a hypoglycemic reaction at work. Appellant saw his personal physician, Dr. Ulloa, the next day, and returned to work the following day with a letter from Dr. Ulloa. Appellee's manager at the facility, Frank Quinn, sent appellant to see Dr. Thomas Lipscomb, who recommended that appellant not be allowed to drive company vehicles, including forklifts, or work in high places where sudden unconsciousness might result in severe injury. Dr. Ulloa, in the meanwhile, contacted Quinn to inform him that in his opinion appellant was capable of performing his duties as a warehouseman. In Quinn's affidavit, he stated that in making the decision to terminate appellant's employment he relied exclusively on the advice of Dr. Lipscomb and had no ill will or malice towards appellant; "[r]ather, I was concerned only with the potential safety problems to the [appellant] and others which could have resulted from the [appellant's] condition."

1. Appellant contends the trial court erred by granting summary judgment to appellee because questions of fact remain whether appellee acted in good faith in relying on Dr. Lipscomb's opinion. OCGA § 34-6A-3 (c) provides: "Nothing in this chapter shall be construed to prevent or otherwise make illegal any employment decision affecting any person where such decision is based upon an employer's good faith reliance upon a professional opinion rendered by a licensed physician . . . or other similar licensed health care professional concerning that person." Appellant argues that where an employer is faced with conflicting opinions by licensed health care professionals, the requirement that the employer's reliance upon professional opinion be in good faith should permit an inquiry into whether the professed reliance was in fact a subjective choice of an opinion which could be used to justify an otherwise unlawful discriminatory motive. We agree with appellant that in the limited instance where conflicting professional opinions are properly before the employer, questions of fact may be raised whether the employer acted in good faith in relying on one particular professional opinion, in view of the possibility that the employer's subjective selection of one opinion in preference to another may have been the result of a discriminatory motive. See Edwards, Ga. Employment Law, p. 148, § 7-12 (b) (1983). However, we

do not agree with appellant that the record in this case raises any such questions of fact as to appellee's good faith in relying on Dr. Lipscomb's opinion. Quinn's affidavit states that the decision to terminate appellant was not based on any personal animosity towards appellant but was made "only" out of concern for potential safety problems posed by appellant's medical condition. Therefore, appellee carried its burden of proving that it acted in good faith when it relied on Dr. Lipscomb's opinion and the burden thus shifted to appellant to set forth specific facts showing there is a genuine issue for trial. See generally *Frazier v. Petecraft Aviation Svcs.*, 164 Ga. App. 568, 569 (298 SE2d 532) (1982). There is no evidence in the record to controvert Quinn's affidavit or to otherwise suggest that a discriminatory motive prompted Quinn to rely on Dr. Lipscomb's opinion rather than Dr. Ulloa's opinion. In view of this uncontroverted evidence, we cannot agree with appellant that the mere presence of a second and contradictory professional opinion is sufficient to raise a question of fact as to an employer's good faith in relying on one particular professional opinion. Further, although Quinn stated in his affidavit that he relied exclusively on Dr. Lipscomb's opinion, the record reveals that Dr. Lipscomb's opinion took notice that the letter submitted by appellant from Dr. Ulloa substantiated Dr. Lipscomb's own diagnosis of appellant's medical condition. Therefore, no genuine issues of material fact exist as to appellee's good faith in relying upon the professional opinion of Dr. Lipscomb when deciding to terminate appellant's employment, and the trial court did not err by granting summary judgment to appellee. See generally *Mobley v. Fulton Roofing Co.*, 173 Ga. App. 563, 564 (327 SE2d 540) (1985).

2. In view of our holding in Division 1, which affirmed the trial court's grant of summary judgment to appellee on the basis that appellee's discharge of appellant was proper under OCGA § 34-6A-3 (c), it is not necessary to address appellant's remaining enumerations of error.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED DECEMBER 5, 1985.

*Judith Inge Harris, Donald M. Coleman*, for appellant.
*Paul D. Jones, Jefferson D. Kirby III*, for appellee.